West'nDis't.
October, 1826.

*THOMAS* vs. *CALLIHAN'S HEIRS.*

The credits
of a defend-
ant may be
seized in exe-
cution.

The record-
ing of a trans-
fer of a debt
in the office
of the parish
judge, does
not operate
as a notice to
third persons

APPEAL from the court of the sixth district.

MATTHEWS, J. delivered the opinion of the court. In this case the plaintiff sues to have a judgment made executory against the heirs of the person against whom it had been rendered.

The facts of the case, which appear important in coming to a just decision on the questions of law contained in it, are as follows :— John Stafford obtained a judgment against the ancestor of the defendants, which he assigned and transferred to the plaintiff, and which together with the agreement of transfer, was recorded in the office of the parish judge; Leroy Stafford obtained a judgment against the assignor, and caused the interest of the latter in the judgment against Callihan, to be levied on and sold to satisfy his judgment, purchased himself at the sheriff's sale, and has transferred the right which he has thereby acquired to the appellants for a valuable consideration. The transfer from J. Stafford to the appellee was previous to the seizure and sale under Leroy's judgment.

Out of these facts two questions of law arise. The first relates to the legality of

seizing in execution credits or choses in action of a debtor.   The second has reference to the notice which the law requires to be given in a transfer of debts, so as to bind third persons.

West'n. Dis'ct
*October*, 1825

THOMAS
*vs.*
CALLIHAN'S
HEIRS.

The first of these questions depends on a general principle of law, and has been settled in the affirmative by a decision of the court, reported in 2 *Vol.* 616.   It is true that some alteration has been made, restricting the right of plaintiffs in execution, by an act of the legislature subsequently passed ; but this law has not produced any change which can affect the rights of the parties to the present suit.

In regard to the question of notice, the plaintiff relies principally, if not solely, on the circumstance of having caused to be recorded the judgment and act of transfer, in the office of the parish judge, previous to the levy made on it by Leroy Stafford under his judgment against the transferror.   We are of opinion, that this recording was not such notice to the debtors as is required by law.

It is not a record of an act required to be recorded, for the purpose of warning or notifying third persons, whose interests might be affected by it.   The notice necessary in the as-

West'n Dis'ct
October, 1826

THOMAS
vs.
CALLIHAN'S
HEIRS.

signment of debts, not regularly negotiable, according to law merchant, may be fairly assimilated to the notice which must be given to endorsers of promissory notes and drawers of bills of exchange; and, although the same exactness and promptitude may not be required in the former case as in the latter, yet to affect the rights of third persons, personal notice or something equivalent must be given, and proven in the event of any contest on the subject; which we think has not been done in the present case.

It is therefore ordered, adjudged and decreed, that the judgment of the court below, be avoided, reversed and annulled, and it is further ordered, adjudged and decreed, that judgment be entered for the defendants and appellants, as in case of nonsuit, with costs in both courts.

*Rost* for the plaintiff, *Baldwin* for the defendants.